IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREATER PERFORMANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 01-6086-CV-SJ-3 |
| | ) |
| HARK'N TECHNOLOGIES, INC. and | ) |
| HARK'N TECHNOLOGIES, LTD., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO STAY PROCEEDINGS DURING PENDENCY OF PATENT OFFICE REEXAMINATION; SUGGESTIONS IN SUPPORT

COMES NOW Plaintiff Greater Performance Inc. ("GPI"), by and through its counsel of record, and moves the Court to stay all proceedings in this matter during the pendency of the Patent Office's review of a Request for Reexamination that was submitted recently by GPI. In support thereof, GPI states the following:

1. On November 30, 2001, Pursuant to 37 C.F.R. 1.33(c) and M.P.E.P. § 2220, GPI submitted a Request for Ex Parte Reexamination regarding U.S. Patent No. 6,202,263 ("Request"). (A true and correct copy of GPI's submission, excluding exhibits, is attached hereto at **Exhibit A**.)

2. In its Request, GPI demonstrates the patent in question should be invalidated due to prior art.

3. There is substantial case law authority supporting the proposition that "patent litigation courts 'have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.'" Emerson Elec. Co. v. Davoil, Inc., 911 F. Supp. 380, 382 (E.D.

Mo. 1996), *quoting* Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (citation omitted). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entertainment USA Inc., 844 F. Supp. 1378, 1381 (N.D. Calif. 1994). *See also* GPAC Inc. v. D.W.W. Enterprises Inc., 23 USPQ2d 1129, 1133-34 (D.N.J. 1992) ("[G]ranting a stay in these proceedings would not unduly prejudice the plaintiff by delaying disposition in this matter. In fact, a stay would surely conserve the time and resources of the court as well as the parties. It is likely that a record of the re-examination would reduce the complexity and length of this litigation, more easily define issues, defenses and evidence before trial, reduce litigation costs and discovery problems, and may further encourage a settlement without further court intervention."); Robert H. Harris Co. Inc. v. Metal Manufacturing Co. Inc., 19 USPQ2d 1786 (E.D. Ark. 1991) ("the benefits of the reexamination procedure far outweigh the prejudice to plaintiff resulting from the delay").

4. This lawsuit is still in its early stages. Due in large part to delays caused by unsuccessful settlement negotiations, little litigation activity has taken place. Defendant has filed a preliminary motion to dismiss and GPI has served jurisdictional discovery, but responses to that discovery have not yet been served. Neither have the parties exchanged their Rule 26(a) initial disclosures or conducted any other discovery. Courts are more likely to enter stays when the litigation, as here, is in its early stages. *See, e.g.,* ASCII Corp. v. STD Entertainment USA Inc., 844 F. Supp. 1378, 1381 ("[T]he parties are in the initial

stages of the lawsuit and have undertaken little or no discovery. Moreover, the case has not been set for trial."); GPAC Inc. v. D.W.W. Enterprises Inc., 23 USPQ2d 1129, 1133-34 (D. N.J. 1992) ("suit was filed approximately 16 months ago and some discovery has been undertaken. Substantial discovery, however, has yet to occur. . . . In short, this case is far from resolution at this juncture. Clearly then, this case does not rest in the same posture as those cases where protracted and expansive discovery has been expended and trial is imminent. . . . Therefore, given the relative infancy of this case, a stay pending re-examination would not unduly delay disposition, nor would it cause undue prejudice to the plaintiff"; Digital Magnetic Sys., Inc. v. Ansley, 213 USPQ 290 (W.D. Okla. 1982) ("Congress enacted the reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts. . . . [I]n cases such as that before this Court which have not progressed beyond the initial litigation stages and in which the plaintiff has an adequate legal remedy, the reexamination procedure should be utilized.").

5. A stay is desirable in this case because the reexamination sought by GPI will provide an expedient means of determining the validity of the patent in question. In addition, a stay will conserve the time and resources of the Court as well as the parties. Finally, the record of the reexamination will reduce the complexity and length of this litigation, thereby reducing litigation costs and discovery problems.

6. Counsel for Defendant was contacted regarding this request for a stay of proceedings. He indicated he would review GPI's reexamination request,

Case 5:01-cv-06086-ODS   Document 23   Filed 12/04/01   Page 3 of 5

3

including exhibits, and that Defendant would file a separate pleading notifying the Court of Defendant's position regarding GPI's motion.

For these reasons, GPI respectfully requests the Court enter a stay in this case during the pendency of the Patent Office's reexamination of the patent at issue. A proposed order is filed contemporaneously herewith.

    Respectfully submitted,

    POLSINELLI, SHALTON & WELTE,
    A PROFESSIONAL CORPORATION


    By: /s/ Paul D. Snyder
        Paul D. Snyder (MO #43067)
        700 West 47th Street, Suite 1000
        Kansas City, Missouri 64112
        (816) 753-1000
        Telecopier No. (816) 753-1536

    ATTORNEYS FOR PLAINTIFF
    GREATER PERFORMANCE, INC.

Case 5:01-cv-06086-ODS   Document 23   Filed 12/04/01   Page 4 of 5

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the clerk) this 4th day of December, 2001, to:

Michael F. Saunders, Esq.
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Ste. 1400
Kansas City, MO 64106

John H. Bogart, Esq.
Bendinger Crockett Peterson & Casey
170 South Main, Ste. 400
Salt Lake City, UT 84101

Stephen H. Bean, Esq.
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84145-0120

                                                              /s/ Paul D. Snyder
                                                                Counsel for Greater Performance Inc.

27145 / 56139
PDSNY 895188