IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **GREATER PERFORMANCE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **HARK'N TECHNOLOGIES, INC.** | ) | Case No:  01-6086-CV-SJ-3 |
| | ) | |
| **and** | ) | |
| | ) | |
| **HARK'N TECHNOLOGIES, LTD.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION

On December 4, 2001, Plaintiff Greater Performance, Inc. ("GPI") filed a Motion to Stay Proceedings based on the fact that it recently filed a request for reexamination of U.S. Patent No. 6,202,263 (the '263 Patent). Defendants Hark'n Technologies, Inc. and Hark'n Technologies, Ltd. (hereinafter "Hark'n") oppose Plaintiff's Motion to Stay on the grounds that Plaintiff's filing for a reexamination with the Patent & Trademark Office demonstrates that this lawsuit should be dismissed – not stayed.

### BACKGROUND

On July 3, 2001, Plaintiff filed this lawsuit seeking declaratory judgments of invalidity of the '263 Patent and noninfringement. In response to the Complaint, Hark'n filed a motion to dismiss for lack of

jurisdiction. Now, almost six months after the Complaint was filed, there still have been no substantive proceedings on the merits of this case – Plaintiff has not responded to Defendants' Motion to Dismiss, the parties have not taken discovery, and the parties have not exchanged initial disclosures.

Recently, the Court granted a third extension of time giving Plaintiff until December 28, 2001 to respond to Defendants' motion to dismiss for lack of jurisdiction. Order of 11/14/01 at 1. The Court also informed the parties that discovery should have commenced by now. Id. In response, Plaintiff filed a request for reexamination of the '263 Patent in the Patent and Trademark Office ("PTO"), and then filed the instant motion to stay this lawsuit.

**ARGUMENT**

**1.     Plaintiff Should Not be Allowed to Pursue Defendants in Two Separate Forums.**

GPI initiated this federal lawsuit against Hark'n. It chose Missouri as its forum without offering any valid evidence or argument to justify this Court exerting jurisdiction over Defendants[1]. By filing suit, GPI also chose to have this Court – not the PTO – adjudicate its claim of invalidity of the '263 Patent. Now, faced with open discovery and a mandatory response on the jurisdictional question, Plaintiff has taken its invalidity claim away from this Court and placed it before the PTO instead.

---

[1] In an earlier motion, Plaintiff claimed that in the Eighth Circuit a "website alone is sufficient for this Court to exercise personal jurisdiction" over Defendants. Pl.'s Mot. for Extension dated 10/25/01 at 2. This ignores long-established precedent that in patent cases personal jurisdiction is measured not on the standards of the individual circuit, but under standards set by the Federal Circuit, which has exclusive jurisdiction over patents. See Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir.), cert. denied, 515 U.S. 1122 (1995). The Federal Circuit has determined that a passive website is insufficient to establish personal jurisdiction. Maynard v. Philadelphia Cervical Collar Co., No. 00-1555, 2001 U.S. App. LEXIS 18834 at *4 (Fed. Cir. 2001).

Although there is precedent showing that courts generally grant stays in patent infringement lawsuits during a PTO reexamination hearing, stays have been granted when the party who is the *target* of a patent infringement lawsuit files a reexamination request. In each of Plaintiff's cited cases, the *defendant* was the party who requested reexamination. Plaintiff has not cited, and Defendants cannot find, any legal precedent supporting a stay of a lawsuit for a declaratory judgment of patent invalidity and noninfringement when the *plaintiff* who initiated the lawsuit changes its mind and petitions the PTO to reexamine the patent.

Before bringing suit, GPI had the choice of either filing a reexamination request with the PTO or going straight to court with a claim of patent invalidity. GPI chose the latter course of action. Now, when faced with Defendants' refusal to settle on unfavorable terms and the prospect of further litigation costs, Plaintiff files a reexamination request with the PTO and unilaterally moves to suspend its own lawsuit. The gamesmanship here is evident. GPI started in its home forum without even a minimal showing of jurisdiction[2], then it moves to the PTO to escape the costs of its own litigation, and finally it asks this Court for a stay in order to preserve a second bite at the apple if the PTO hearing is not to its liking. Since GPI has moved its claim of invalidity to anther forum, this case should be dismissed without prejudice, not stayed.

**2.    A Dismissal Without Prejudice Would Not Harm Plaintiff.**

There is no harm to GPI from a dismissal without prejudice. In its reexamination request, Plaintiff sent the PTO the same material it offered this Court for invalidating the '263 Patent. The PTO will examine this material and make a decision as to the validity of the '263 Patent, and the claims will either survive, be

---

[2] Plaintiff tried to correct this oversight by attempting to take "jurisdictional discovery" in violation of the local rules of this Court. See Defs.' Mot. Stay discovery at 3-4.

amended, or be cancelled. Thus, the PTO reexamination could settle all of Plaintiff's issues.[3] If not, the issues are not time-barred, and they can always be raised again. In addition, there is no way of knowing how long the reexamination could take. If not dismissed, this case could remain indefinitely on the Court's docket and unfairly expose Defendants to business uncertainty and risk. Plaintiff can always return to the courts if the PTO hearing does not resolve its issues.

**CONCLUSION**

Granting GPI a stay pending its own reexamination request *in its own lawsuit* is unfair. GPI should not be allowed to sue Hark'n and then suspend the lawsuit at its own choosing in the hopes of obtaining a favorable outcome in a different forum – all while maintaining the threat of its initial lawsuit on the same issues. Plaintiff decided before filing this lawsuit not to seek a reexamination. With GPI having now voluntarily turned to the PTO to resolve the central issue of patent validity, this case should be dismissed, not stayed.

Respectfully submitted,

KIRTON & MCCONKIE

/s/ Stephen H. Bean
Stephen H. Bean
1800 Eagle Gate Tower
60 East South Temple
P.O. Box 45120
Salt Lake City, UT 84145-0120

and

---

[3] Although the PTO cannot adjudicate infringement issues, if the PTO invalidates the '263 Patent, then Plaintiff's request from this Court for a declaratory judgment of noninfringement becomes moot.

- 4 -  WA 622318.1

SPENCER FANE BRITT & BROWNE LLP

/s/ Michael F. Saunders
Michael F. Saunders, #30730
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: 816/474-8100
Facsimile: 816/474-3216

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2001, a true and correct copy of the foregoing SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION was duly mailed, postage prepaid, to:

Paul D. Snyder
Polsinelli Shalton & Welte PC
700 W 47th Street, Ste 1000
Kansas City, MO 64112

/s/ Michael F. Saunders
Attorney for Defendants