IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| GREATER PERFORMANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 01-6086-CV-SJ-3 |
| | ) | |
| HARK'N TECHNOLOGIES, INC. and | ) | ECF FILED |
| HARK'N TECHNOLOGIES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY SUGGESTIONS IN SUPPORT OF MOTION TO STAY PROCEEDINGS DURING PENDENCY OF PATENT OFFICE REEXAMINATION

COMES NOW Plaintiff Greater Performance Inc. ("GPI"), by and through its counsel of record, and submits the following reply suggestions in support of its motion to stay proceedings.

Defendants would have the Court believe that plaintiffs in patent litigation cases are foreclosed from moving for stays of litigation based upon patent reexamination requests. Defendants cite no case law support for this curious proposition. Moreover, Defendants claim that all of the cases cited by GPI in its motion involved defendants that requested stays. (Defendants' Suggestions in Opposition at 3.)

Defendants are wrong. One of the primary cases relied upon by GPI in its motion was ASCII Corp. v. STD Entertainment USA Inc., 844 F. Supp. 1378 (N.D. Calif. 1994). In ASCII (as in this lawsuit), the plaintiff moved for a stay based upon a reexamination request. The defendant in ASCII pointed out, as Defendants do here, that the motion to stay was being requested by a plaintiff rather than a defendant. In responding to this point, the court stated: "Although this is true, it is a distinction without a difference because the court has the inherent

ability to grant a stay of proceedings provided that it does not 'cause undue prejudice or present a clear tactical disadvantage to the non-moving party.'"  Id. at 1380 (emphasis supplied).

As in ASCII, Defendants here have raised a "distinction without a difference."  ASCII and the other cases cited by GPI in its motion set forth the relevant factors this Court should consider in determining whether to enter a stay: 1) whether the parties are in the initial stages of discovery[1]; 2) whether the lawsuit has been set for trial[2]; 3) whether the time and resources of the court and parties would be conserved by a stay[3]; 4) whether the record of the reexamination would reduce the complexity and length of the litigation, more easily define issues, defenses and evidence before trial, and reduce litigation costs and discovery problems[4]; and 5) whether Defendants would be unduly prejudiced.[5]

In this case, all relevant factors weigh in favor of a stay.  As GPI's motion makes clear, this lawsuit is still in its early stages.  Due in large part to delays caused by unsuccessful settlement negotiations, little litigation activity has taken place.  Surprisingly, Defendants complain about these delays in their opposition.  However, as detailed in GPI's prior pleadings in this case, counsel for GPI engaged in good faith, serious settlement negotiations for several months through mid-October 2001, when Defendants suddenly and without prior notice replaced

---

[1]  ASCII, 844 F. Supp. at 1381; GPAC Inc. v. D.W.W. Enterprises Inc., 23 USPQ2d 1129, 1133-34 (D.N.J. 1992); Digital Magnetic Sys., Inc. v. Ansley, 213 USPQ 290 (W.D. Okla. 1982).

[2]  ASCII, 844 F. Supp. at 1381; GPAC, 23 USPQ2d at 1133-34.

[3]  GPAC, 23 USPQ2d at 1133-34.

[4]  Id.

[5]  GPAC, 23 USPQ2d at 1133-34; Robert H. Harris Co. Inc. v. Metal Manufacturing Co. Inc., 19 USPQ2d 1786 (E.D. Ark. 1991).

their lead counsel. Unfortunately, new lead counsel for Defendants has refused to engage in any settlement discussions whatsoever.

In sum, a stay is desirable in this case because the reexamination sought by GPI will provide an expedient means of determining the validity of the patent in question. In addition, a stay will conserve the time and resources of the Court as well as the parties. Finally, the record of the reexamination will reduce the complexity and length of this litigation, thereby reducing litigation costs and discovery problems.

For these reasons and for the reasons contained in GPI's original motion, GPI respectfully requests the Court grant GPI's motion and enter a stay in this case during the pendency of the Patent Office's reexamination of the patent at issue.[6]

Respectfully submitted,

POLSINELLI, SHALTON & WELTE,
A PROFESSIONAL CORPORATION

By: /s/ Paul D. Snyder
Paul D. Snyder (MO #43067)
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
(816) 753-1000
Telecopier No. (816) 753-1536

ATTORNEYS FOR PLAINTIFF
GREATER PERFORMANCE, INC.

---

[6] Subsequent to the filing of GPI's motion, it submitted several replacement sheets for its reexamination request to the United States Patent and Trademark Office. As explained in its supplemental submission (a true and correct copy is attached hereto as **Exhibit A**), the replacement sheets were necessary due to an inadvertent typographical error in the original submission. Defendants' counsel has already been served with a copy of the supplemental submission.

Case 5:01-cv-06086-ODS   Document 28   Filed 12/31/01   Page 3 of 4

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the clerk) this 31st day of December, 2001, to:

Michael F. Saunders, Esq.
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Ste. 1400
Kansas City, MO 64106

Stephen H. Bean, Esq.
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84145-0120

                                  /s/ Paul D. Snyder
                                    Counsel for Greater Performance Inc.

27145 / 56139
PDSNY  902087

4

Case 5:01-cv-06086-ODS   Document 28   Filed 12/31/01   Page 4 of 4