IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| GREATER PERFORMANCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-6086-CV-SJ-3-ECF |
| ) | |
| HARK'N TECHNOLOGIES, INC., ) | |
| and HARK'N TECHNOLOGIES, LTD., ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING PATENT OFFICE
REEXAMINATION AND DENYING MOTION FOR LEAVE TO FILE SUR REPLY

Pending is Plaintiff's Motion to Stay Proceedings During Pendency of Patent Office Reexamination (Doc. # 23). For the following reasons, the motion is GRANTED.

On July 3, 2001, Plaintiff filed this lawsuit seeking declaratory judgment of invalidity of the '263 Patent and noninfringement. On November 30, 2001, Plaintiff submitted a Request for Ex Parte Reexamination regarding the '263 Patent with the U.S. Patent and Trademark Office. Plaintiff now seeks a stay of this litigation pending the outcome of the Patent Office reexamination.

"The primary purpose of the reexamination procedure is to 'eliminate trial of that issue (when the [patent] is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [Patent Office] (when a claim survives the reexamination proceeding).'" ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378 (N.D. Cal. 1994) (quoting Gould v. Control Laser Corp., 705 F. 2d 1340, 1342 (Fed. Cir. 1983)). Here, the matter is in the early stages of litigation, a discovery

deadline has not been set and a trial date has not been scheduled.  Although Defendants have opposed this motion, they have failed to demonstrate that they would suffer undue prejudice or a tactical disadvantage if the matter is stayed.  Accordingly, this case is hereby STAYED pending the outcome of the Patent Office Reexamination.

Also pending is Defendants' Motion for Leave to File a Sur Reply to Plaintiff's Motion to Stay (Doc. # 30).   A Sur Reply is not authorized by the Local Rules and is usually permitted by this Court only in rare circumstances, such as to brief a intervening new case or change in the law.  The Court hereby denies Defendants' Motion for Leave to File Sur Reply and has not considered Defendants' Sur Reply in reaching its decision to deny summary judgment.

IT IS SO ORDERED.

DATE: January 25, 2002            /s/   Ortrie D. Smith
                                  ORTRIE D. SMITH, JUDGE
                                  UNITED STATES DISTRICT COURT

2

Case 5:01-cv-06086-ODS   Document 33   Filed 01/24/02   Page 2 of 2